# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Perez Perez, | No. CV-26-02088-PHX-DWL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Markwayne Mullin, et al., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2241.  Petitioner is a 20-year-old citizen of Guatemala who entered the United States in 2021, was designated as an unaccompanied alien child ("UAC"), and later applied for and obtained Special Immigrant Juvenile ("SIJ") status. (Doc. 1 ¶¶ 26, 30-31.)  In January 2023, United States Citizenship and Immigration Services ("USCIS") also issued Petitioner a grant of deferred action. (*Id.* ¶ 31.)  As alleged in the petition, that grant of deferred action has never been revoked. (*Id.* ¶ 86.)

Although Petitioner was initially placed in removal proceedings, an Immigration Judge ("IJ") terminated those proceedings on January 13, 2026.  (*Id.* ¶¶ 26, 32.)  Nevertheless, on January 18, 2026, Petitioner was arrested by ICE officials "following contact from local law enforcement regarding a misdemeanor warrant, a warrant Petitioner was unaware of.  Prior to this re-detention, [Petitioner received] no written notice, no opportunity to respond, and no hearing." (*Id.* ¶ 33.)  In his petition, Petitioner raises various challenges to the legality of detention and argues he is entitled to "immediate[] release" or

"in the alternative, . . . an individualized bond hearing." (*Id.* at 22-23.)

In their response to the petition, Respondents acknowledged that "due process likely requires a bond hearing" and noted that "several courts have found that noncitizens with Special Immigrant Juvenile Status previously released, such as Petitioner here, have a liberty interest in their release pursuant to their SIJS status. In these cases, the Courts found that proper remedy is a bond hearing under 8 U.S.C. § 1226(a)." (Doc. 6 at 4.) Accordingly, in an April 13, 2026 order, the Court granted the habeas petition to the extent it sought a bond hearing and clarified that it would "hold in abeyance Petitioner's claim that he is entitled to immediate release. In the event Petitioner is not released on bond, the Court will resolve that issue." (Doc. 8.)

Petitioner has now filed a notice indicating that he received a bond hearing on April 15, 2026 but the IJ "denied [his] request for release on bond." (Doc. 9.) The time has thus come to resolve Petitioner's remaining challenges.

The Court concludes that Petitioner is entitled to further relief. One of Petitioner's challenges, in Count One, is that his continued detention is unlawful because his "removal is not reasonably foreseeable." (Doc. 1 ¶ 69.) A related challenge, in Count Five, is that Respondents "violated their own policies governing [SIJ] recipients and deferred action" because his redetention occurred "without notice, without revocation of that status, and without any procedural safeguards." (*Id.* ¶¶ 83-87.) In their response, Respondents do not acknowledge these arguments, let alone make any effort to address them. (Doc. 6.) Nor do Respondents dispute Petitioner's allegation (Doc. 1 ¶ 86) that his grant of deferred action remains intact.

In *Reales v. Director of Enforcement & Removal Operations, Miami Field Office*, 2026 WL 1090955 (M.D. Fla. 2026), the court addressed a similar issue. There, the habeas petitioner argued that because he had received "a grant of deferred action status," this "deferred action status prevents removal, his detention serves no legitimate purpose and therefore violates the Fifth Amendment." *Id.* at *1. "The Government's response? Crickets. . . . The Government's 12-page opposition manages to completely ignore the

elephant in the room: Reales' . . . active deferred action status." *Id.* The court acknowledged that "the agency's expressed intent to retract the deferred action *could* justify continued detention" because "deferred action is . . . the result of executive discretion and is revocable at any time," but the court held that "here, the Government has done no such thing. There is no indication in the record that USCIS or ICE has revoked Reales' deferred action status. There is not even a whisper of an intent to do so. The Government simply scooped up a man protected by an active grant of deferred action, locked him in a cell, and submitted a brief to this Court that pretends the protection does not exist. Wishing a legal obstacle away does not make it disappear." *Id.* at *1-2 (citation omitted and emphasis added). "Given the Government's complete silence on this issue, the Court can only conclude that his detention is arbitrary and thus unlawful." *Id.* at *2.

Here, too, the one-sided record compels a determination that Petitioner is entitled to habeas relief based on his deferred action-related claims. This determination makes it unnecessary to resolve the merits of Petitioner's other claims, such as his claimed due process right to a pre-deprivation hearing.

Accordingly,

**IT IS ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his deferred action-related claims and otherwise **dismissed as moot**.

2. Respondents shall **immediately release** Petitioner under the same conditions that existed before detention. Respondents must file a notice of compliance within three Court days of releasing Petitioner.

3. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -